RICHARD YAMADA, Claimant-Appellee, *v.* ROYAL HAWAIIAN MACADAMIA NUT COMPANY, Employer-Appellant, Self-Insured, and BREWER ORCHARDS, INC. and HAWAIIAN INSURANCE & GUARANTY CO., Employer and Insurance Carrier-Appellees, and SPECIAL COMPENSATION FUND, Appellee

NO. 9303

(CASE NO. AB 78-190(H) (1-75-03209) )

APRIL 24, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Royal Hawaiian Macadamia Nut Company (Royal), the prior employer of claimant Richard Yamada (Yamada), appeals the Labor and Industrial Relations Appeals Board's (Board) denial of Royal's attorney's fees and costs sought to be assessed against Yamada's subsequent employer Brewer Orchards, Inc. (Brewer) and its workers' compensation insurer Hawaiian Insurance & Guaranty Co. (collectively Appellees). The issues on appeal are (1)

whether Hawaii Revised Statutes (HRS) § 386-93(b) (1976)[1] is applicable in this case and (2) whether Appellees were the losing parties under that statute. We answer yes to both questions and reverse.

Yamada, an employee of Royal since 1952, began experiencing low back pains in 1971. Effective December 31, 1973, Royal sold its assets to Brewer and, thereupon, Yamada became an employee of Brewer.

On November 11, 1975, Yamada filed a claim for workers' compensation benefits with the Director of Labor and Industrial Relations, State of Hawaii (Director), alleging that the heavy work he had performed between 1972 and 1975 caused "irreparable damage to [his] low back and lower extremities." Very early in the proceedings, Appellees took the position that Royal was "a necessary and contributing party to Mr. Yamada's claim," Record at 43, and Royal became a party.

On May 23, 1978, the Director issued his decision concluding that (1) Yamada's claim for compensation for the 12-day period in July 1973 was barred under HRS § 386-82,[2] (2) Appellees were liable for all of Yamada's medical expenses and compensation for temporary total disability, and (3) permanent disability, if any, would be determined at a later date.

---

[1] HRS § 386-93(b) (1976) provides:

If an employer appeals a decision of the director or appellate board, the costs of the proceedings of the appellate board or the supreme court of the State, together with reasonable attorney's fees shall be assessed against the employer, if the employer loses; provided that if an employer or an insurance carrier, other than the employer who appealed, is held liable for compensation, the costs of the proceedings of the appellate board or the supreme court of the State together with reasonable attorney's fees shall be assessed against the party held liable for the compensation.

[2] The first paragraph of HRS § 386-82 at that time stated:

Claim for compensation; limitation of time. The right to compensation under this chapter shall be barred unless a written claim therefor is made to the director of labor and industrial relations (1) within two years after the date at which the effects of the injury to which the employee is entitled to compensation have become manifest, and (2) within five years after the date of the accident or occurrence which caused the injury.

In 1979 the second paragraph of this section was amended, but the first paragraph remained unaltered. *See* Act 114, § 1, 1979 Sess. Laws 277-78.

On June 1, 1978, Appellees appealed the Director's decision to the board. Subsequently, upon Appellees' motion, the Board joined the Special Compensation Fund (Fund) as an additional party.

The Board entered its decision and order on July 31, 1981, concluding that (1) although Yamada injured his back during 1972 through 1973 during the course of his employment with Royal, "the claim for that injury is barred by the statute of limitations set forth in Section 386-82"; (2) Yamada sustained a back injury during 1974 and 1975 during the course of his employment with Brewer resulting in his temporary total disability during various periods of time in 1975 for which Appellees must pay him compensation; (3) Yamada's 1974 and 1975 injury combined with his pre-1974 "ratable permanent disability" resulted in his permanent total disability effective September 17, 1975; and (4) the work injury for which Brewer is responsible resulted in "a permanent partial disability amounting to 15% of the whole man" for which Appellees must pay compensation, and the Fund is to pay the balance of the compensation.

Subsequently, the Board denied Royal's request for attorney's fees and costs from Appellees and Royal appealed.

I.

On the issue of the applicability of HRS § 386-93(b), we hold that *Survivors of Medeiros v. Maui Land & Pineapple Co.,* 66 Haw. 290, 660 P.2d 1316 (1983), is dispositive.

In *Medeiros,* the deceased was an employee of two concurrent employers — Maui Pine and Grayline-Maui. The Board refused to apportion death benefits between Maui Pine and Grayline-Maui, held Maui Pine solely liable, and approved Grayline-Maui's request for attorney's fees and costs. On appeal, the supreme court affirmed stating, *inter alia,* that "[t]he language of the statute [HRS § 386-93(b)] comprehends imposing liability for the fees and costs incurred by a non-appealing employer upon an appealing employer who loses." *Medeiros,* 66 Haw. at 299, 660 P.2d at 1322.

Nevertheless, Appellees argue that the legislative history of HRS § 386-93(b) indicates its purpose was to protect the claimant

only and "not to shift the burden of fees and costs to the other employers." But in *Medeiros* the supreme court examined the legislative history and found that there was no "legislative intent to limit a losing employer's liability for fees and costs to that incurred by the claimant." *Id.* at 298, 660 P.2d at 1321.

Appellees also contend that *Medeiros* is factually distinguishable. In *Medeiros*, Maui Pine joined Grayline-Maui in the proceedings before the Board,[3] whereas in this case Royal was already a party in the proceedings before the Director. We consider this a difference without substance. In *Medeiros*, the supreme court obviously found that fact to be of no significance for it did not even mention that fact in its opinion. Neither the supreme court's opinion in *Medeiros* nor HRS § 386-93(b) is concerned with when or how the non-appealing employer enters the proceedings.

Accordingly, we hold that HRS § 386-93(b) is applicable to authorize attorney's fees and costs to the non-appealing employer in this case.

## II.

Appellees assert that, even if HRS § 386-93(b) is applicable, they were not the losers within its meaning. They argue that the Board's decision and order significantly reduced their total liability under the Director's decision and, therefore, they did not lose on appeal.[4] We disagree.

In *Mitchell v. BWK Joint Venture*, 57 Haw. 535, 560 P.2d 1292 (1977), the appealing employer and its insurer similarly argued that they did not lose the appeal because they succeeded in having the Board substantially reduce the amount of temporary total dis-

---

[3] At the hearing on Royal's motion for reconsideration of the Board's denial of Royal's request for approval of attorney's fees and costs, the chairman stated that "in Medeiros there was a motion to join the tour bus company in the course of the appeal." Transcript of January 13, 1983 Proceedings at 5.

[4] The Director's decision required Appellees to pay, *inter alia*, temporary disability benefits to Yamada from September 17, 1975, until further determination. The Board ruled, however, that Yamada had a permanent total disability effective September 17, 1975, with Appellees' responsibility limited to 15% of the whole man, thereby reducing Appellees' liability.

ability benefits. The supreme court held, however, that since the employer and its insurer lost on the "crucial issue" in the case, they were the losers within the meaning of HRS § 386-93(b).

Applying the "crucial issue" test, we conclude that both Yamada[5] and Royal were the prevailing parties and Appellees were the losing parties. Appellees' primary contentions before the Board were that (1) the onset of Yamada's back injury occurred while he worked for Royal and such injury continued and gradually worsened thereafter, (2) HRS § 386-82 did not bar his claim against Royal, and (3) he suffered no compensable injury while working for Brewer. They secondarily argued that if Appellees were liable, the benefits for temporary total disability should terminate on September 16, 1977, and if Yamada is entitled to any permanent partial disability award, it should be apportioned between Appellees and the Fund with Appellees' responsibility being limited to 5% of the whole man.

Thus on appeal before the Board the crucial issues were (1) whether Yamada's claim against Royal was barred by the statute of limitations under HRS § 386-82 and (2) whether Appellees were liable to Yamada for workers' compensation benefits. Appellees lost on those crucial issues, and they are therefore subject to assessment for Royal's reasonable attorney's fees and costs of the proceedings before the Board.

Reversed and remanded for determination of Royal's reasonable attorney's fees and costs.

*Howard A. Matsuura* for Appellant Royal Hawaiian Macadamia Nut Company.

*Robert C. Kessner* (*Clyde Umebayashi* with him on the brief; *Woo, Kessner & Duca,* of counsel) for Appellees Brewer Orchards, Inc. and Hawaiian Insurance & Guaranty Co.

---

[5] Appellees did not appeal the Board's approval of Yamada's request for attorney's fees and costs.